**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:   Malachi Kilgore,                                               Bky Case No. 25-41102-KAC

                                                                        Chapter 7 Case

                Debtor.

**ORDER DISMISSING CASE WITHOUT PREJUDICE**

This case is before the court on its own initiative. The Debtor commenced this case on April 9, 2025, with the filing of the voluntary petition. As part of the petition, the Debtor checked a box stating that "I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion." [Doc 1 at page 6]. To complete this requirement, Debtor filed the certificate of counseling on April 18, 2025 [Doc 15]. The certificate of counseling indicates that the Debtor received counseling on April 14, 2025, at 6:35 P.M. *Id*. Contrary to the statement in the petition, the certificate shows that the credit counseling was done after the filing of the bankruptcy proceeding. The Debtor initially checked the box in the petition that he was seeking a temporary waiver of the requirement, but crossed that out and checked the box indicating the course was taken. The Debtor did not file any kind of certification or request for an extension pursuant to 11 U.S.C. § 109(h)(3)(A).

The Debtor's failure to timely complete the credit counseling course required by 11 U.S.C. § 109 or seek a temporary waiver renders the Debtor ineligible to be a Debtor. A hearing was held on this matter on April 24, 2025, appearances for that hearing are noted on the record. The court is able to dismiss this matter *sua sponte* as the Debtor is ineligible to be a Debtor. *See generally Bourgeois v. Bank of Am.* (*In re Bourgeois*), 488 B.R. 622 (B.A.P. 8th Cir. 2013) (Bankruptcy Appellate Panel affirmed the bankruptcy court's denial of a temporary waiver and

immediate dismissal thereafter of the Debtor's case); *Dixon v. LaBarge* (*In re Dixon*), 338 B.R. 383 (B.A.P. 8th Cir. 2006) (Bankruptcy Appellate Panel affirmed bankruptcy court's denial of a waiver and determination that Debtor was ineligible to be a Debtor so immediate dismissal of the case was appropriate as well as collecting cases that found the same result); *In re LaPorta*, 332 B.R. 879 (Bankr. D. Minn. 2005) (Court determined that Debtor was not entitled to temporary waiver and she was not eligible for relief under chapter 7 and the case could be dismissed without further delay).

       IT IS ORDERED:

       The case is dismissed

Dated:  *April 24, 2025*
                                *s/ Katherine A. Constantine*
                                  Katherine A. Constantine
                                  Chief United States Bankruptcy Judge